UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STACY HASLAM,

    Plaintiff,

vs.                               CASE NO.: 5:17-cv-425.Oc.30PRL

RED ROBIN INTERNATIONAL, INC., a
Foreign For Profit Corporation,

    Defendant._____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STACY HASLAM, by and through the undersigned attorney, sues the Defendant, RED ROBIN INTERNATIONAL, INC., a Florida Corporation, and alleges:

1. Plaintiff, STACY HASLAM, was an employee of Defendant and brings this action for unpaid minimum wages, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, STACY HASLAM was an employee who worked at Defendant's property within the last three years in Brevard County, Florida.

3. Plaintiff, STACY HASLAM, worked for Defendant as an hourly paid server/waitress.

4. Plaintiff, STACY HASLAM, was paid an hourly rate of $5.03 plus tips.

5. Defendant, RED ROBIN INTERNATIONAL, INC., claimed a tip credit of $2.03 per hour for all hours worked by Plaintiff.

1

6. Defendant, RED ROBIN INTERNATIONAL, INC., is a Foreign for profit Corporation that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, RED ROBIN INTERNATIONAL, INC., operates as a diner specializing in "gourmet burgers and brews". Defendant allows customers to order via their website online. Defendant also provides catering options to customers. See www.RedRobin.com

8. This action is brought under the FLSA to recover from Defendant minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. During Plaintiff's employment, Defendant, RED ROBIN INTERNATIONAL, INC., earned more than $500,000.00 per year in gross sales.

11. Defendant, RED ROBIN INTERNATIONAL, INC., employed in excess of one thousand (1,000) employees and paid these employees plus earned a profit from their business.

12. During Plaintiff's employment, Defendant, RED ROBIN INTERNATIONAL, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as food products, alcoholic and non-alcoholic beverages, to-go boxes, utensils, napkins, restaurant equipment, and other items used to run the business.

13. Therefore, at all material times relevant to this action, Defendant, RED ROBIN INTERNATIONAL, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

14. Additionally, Plaintiff, STACY HASLAM, was/is individually covered under the FLSA.

## FLSA Violations

15. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff the minimum wage for all hours worked.

16. During her employment with Defendant, Plaintiff was not paid the minimum wage for all hours worked.

17. Based upon these above policies, Defendant has violated the FLSA by failing to pay the minimum wage.

18. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF MINIMUM WAGES

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above as though stated fully herein.

20. Plaintiff is/was entitled to be paid the minimum wage for all hours worked during her employment.

21. During her employment with Defendant, Plaintiff worked a significant

amount of time without receiving the minimum wage.

22. Specifically, Plaintiff received a direct wage from Defendant in the amount of $5.03 per hour.

23. Defendant claimed a tip credit in the amount of $2.03 per hour because Plaintiff was a server collecting tips from customers.

24. However, Plaintiff was asked and required to spend a substantial amount of time in the back of the restaurant washing dishes and utensils for Defendant.

25. Specifically, Plaintiff was required to spend a substantial portion of each shift in the "wash pit" where she was unable to earn tips from customers.

26. While working in the "wash pit", Defendant continued to compensate Plaintiff at the $5.03/hour rate even though she had no ability to earn tips.

27. Plaintiff estimates that she spent more than twenty percent (20%) of her time cleaning dishes and utensils in the back of house.

28. That said, Defendant is not entitled to claim a tip credit for any of the hours Plaintiff worked during her employment with Defendant.

29. Defendant did not have a good faith basis for their decision not to pay Plaintiff full minimum wage compensation.

30. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff the minimum wage for each hour worked, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendant's willful violation of the FLSA, Plaintiff is

entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, STACY HASLAM demands judgment against Defendant for unpaid minimum wage compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 29 day of August, 2017

/s/ Matthew R. Gunter

Matthew R. Gunter, Esq.
FBN 0077469
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff

5