UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| STACY HASLAM, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 5:17-CV-425-OC-30PRL |
| RED ROBIN INTERNATIONAL, INC., a foreign for profit corporation | ) |
| Defendant. | ) |

**JOINT MOTION FOR APPROVAL OF UNPAID WAGES SETTLEMENT AND DISMISSAL OF ACTION *WITH PREJUDICE* AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, STACY HASLAM ("Plaintiff") and Defendant, RED ROBIN INTERNATIONAL, INC. ("Defendant"), by and through their respective undersigned counsel and pursuant to Local Rule 3.01, jointly move this Honorable Court to approve the settlement reached by the parties of the FLSA unpaid wages claim in this case and to dismiss the entire action with prejudice, and in support thereof state as follows:

1. On or about August 29, 2017, Plaintiff filed a Complaint against Defendant seeking back pay, liquidated damages, attorney's fees, and costs for alleged unpaid wages in violation of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff claims that while she was paid a tipped credit as a server, she spent more than twenty percent (20%) of her time cleaning dishes and utensils in the back of the house. Thus, she claims that Defendant was not entitled to claim a tip credit. Defendant denies these allegations.

2. The parties have successfully come to an agreement to resolve their disputes as to Plaintiff's FLSA claim. The parties now seek approval from the Court of the settlement agreement for Plaintiff's unpaid wages claims and dismissal of the instant action *with prejudice*. The unpaid wages settlement agreement is attached as **Exhibit 1.**

3. The settlement provides that Defendant will pay Plaintiff a total gross sum of Four thousand, Nine hundred Dollars and 00/100 cents ($4,900.00), consisting of the following payments: (1) Five hundred, Thirty-five dollars and 64/100 cents ($535.64) in alleged unpaid compensation; (2) Five hundred, Thirty-five dollars and 64/100 cents ($535.64) in alleged liquidated damages and (3) Three thousand, Eight hundred, twenty-eight dollars and 72/100 cents ($3,828.72) in attorneys' fees and costs.

4. As described more fully below, the parties agree this is a fair and reasonable settlement of a bona fide dispute.

## MEMORANDUM OF LAW

A. **Standard of Review.**

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

    (1)    the existence of fraud or collusion behind the settlement:
    (2)    the complexity, expense, and likely duration of the litigation;
    (3)    the stage of the proceedings and the amount of discovery completed;
    (4)    the probability of plaintiff's success on the merits:
    (5)    the range of possible recovery; and
    (6)    the opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007)(citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

    **B.**    **There Is a Bona Fide Dispute as to Plaintiff's FLSA Claims and All of the Relevant Criteria Support Final Approval of the Settlement.**

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Nature of the Dispute

Plaintiff was a tipped employee of Defendant who held the position of Server from her hire date on or about August 6, 2015 until May 29, 2017 when her employment was terminated. Plaintiff was paid minimum wage against which Defendant took a tip credit. Plaintiff claims she spent a substantial amount of time in the back of the restaurant washing dishes and utensils where she was unable to earn tips from customers. Plaintiff estimates that she spent more than twenty percent (20%) of her time cleaning dishing and utensils. Thus, she claims in this lawsuit that Defendant was not entitled to claim a tip credit.

Defendant denies Plaintiff's allegations and contends that no amounts are due and owing because Plaintiff fails to state a claim. *See, e.g., Marsh v. J. Alexander's LLC*, 869 F.3d 1108 (9th Cir. Sept. 6, 2017)(finding that an employee who received tips as a server could not state a minimum wage claim by alleging performing unrelated duties with the server's duties directed at generating tips). To the extent that this Court were to find that there was a "20% rule," Defendant denies that Plaintiff's alleged untipped duties ever exceeded 20% of Plaintiff's work day. The parties agree that there are no records that show for how long each day Plaintiff was engaged in alleged untipped duties when she was employed by Defendant.

Summary of the Settlement

After considering the above dispute, the parties agreed to a settlement of Plaintiff's claims. The parties have exchanged time records and made calculations assuming there is a "20% rule." Under the settlement, Plaintiff will receive $535.64 of wages allegedly for time spent over and above 20% of Plaintiff's duties in a work day in purportedly non-

tipped duties and $535.64 for liquidated damages. This equates to $1,071.28. This settlement fully compensates Plaintiff for the time she claims she worked in non-tipped duties over and above 20% of her work day, but was a tip credit. The settlement also provides for liquidated damages. Finally, the settlement agreement provides that Defendant will pay $3,828.72 to Plaintiff's counsel as attorneys' fees and costs. The parties agree that this is a reasonable resolution to Plaintiff's claims.

### The *Leverso* Factors

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees*, 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is unresolvedly close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id*. at 1244. Here, the parties agree that there is a bona fide dispute as to whether there is a "20% rule" and whether Plaintiff worked more than 20% of any work day in non-tipped duties, and if so, how many times and when.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiff was represented by Matthew Gunter, Esq. of Morgan & Morgan and Defendant was represented by lead counsel Stephanie Adler-Paindiris of Jackson Lewis P.C. All counsel involved in this case have extensive experience in litigating claims under the

FLSA, including claims for unpaid minimum wage compensation. Each counsel was obligated to, and did, vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement. The parties continue to disagree over the merits of the claims Plaintiff asserted. As noted above, Plaintiff contends Defendant improperly took a tip credit at times when Plaintiff's non-tipped duties exceeded 20% of her work day. Defendant maintains that Plaintiff's duties were either tip producing or did not exceed 20% of her work day. Moreover, the parties agree that there are no records that show when Plaintiff was engaged in alleged non-tipped duties. If the parties continued to litigate this matter, they would be forced to engage in additional discovery, possible motion practice, and ultimately a costly trial to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchange of information to allow counsel and the parties to make well-reasoned decisions in this matter. The parties have exchanged relevant information pertaining to the factual basis for the claims and defenses in the matter. In agreeing upon the proposed settlement, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiff's probability of success on the merits is uncertain, further suggesting that this settlement is fair and appropriate. As noted, Defendant maintains that Plaintiff was properly paid all wages owed to her. The range of possible recovery by Plaintiff also is open to dispute. Even if Plaintiff succeeds on the merits of her claim, which would require

substantial additional time and exercise of resources by both parties, the exact amount of her recovery is uncertain. Additionally, Plaintiff considered her ability to prove the number of hours and days she spent performing non-tipped duties and proving that those duties did not generate tips. Another factor considered was the viability of Defendant's defense that there is no purported "20% rule." The parties agree that the Circuit Courts are currently split on this issue. In light of the uncertainty of the amounts, if any, Plaintiff would recover if they were to continue litigating her claims, the Court should find that the settlement is fair and reasonable.

Finally, all Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that their recovery is a fair and reasonable settlement of a bona fide dispute.

### C. THE ATTORNEYS' FEES TO BE PAID AS PART OF THE SETTLEMENT ARE FAIR AND REASONABLE.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms* at 5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's

counsel where both parties stipulate as to the reasonableness of the attorney's fees. *See Helms* at 12 ("The FLSA does not require the court to assess the fairness of the agreed payment of attorney's fees in settling an individual action.). Here, the Parties stipulate that the proposed fees to Plaintiff's counsel are reasonable and were negotiated separately from and without regard to the amounts being paid to Plaintiff under the terms of the settlement agreement. *See Bonetti v. Embarq Mgmt.*, Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (there is no reason to assume the attorneys' fee influenced reasonableness of settlement when attorneys' fees were negotiated separately and without regard to amounts being paid to plaintiff on a compromised FLSA claim). Therefore, the Parties request that this Court find the proposed attorneys' fees reasonable.

## CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the FLSA Settlement Agreement and enter a Final Order of Dismissal with prejudice of this entire action.

**WHEREFORE**, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement; (ii) APPROVE the settlement outlined in this motion and the attached settlement agreement; (iii) DISMISS the entire action with prejudice, and (iv) GRANT such further relief as the Court deems appropriate.

DATED this 6th day of December, 2017.

Respectfully submitted,

| | |
|---|---|
| MORGAN & MORGAN, P.A.<br>20 North Orange Avenue, Suite 1600<br>P.O. Box 4979<br>Orlando, Florida 32802-4979<br>Telephone:   (407) 420-1414<br>Facsimile:    (407) 867-4791 | JACKSON LEWIS P.C.<br>390 North Orange Avenue<br>Suite 1285<br>Orlando, Florida 32801<br>Telephone:   (407) 246-8440<br>Facsimile:    (407) 246-8441 |
| By:   */s/ Matthew R. Gunter*<br>        Matthew R. Gunter<br>        Florida Bar No. 0077459<br>        mgunter@forthepeople.com<br><br>Attorneys for Plaintiff | By:   */s/ Amanda A. Simpson*<br>        Stephanie L. Adler<br>        Florida Bar No. 523283<br>        Stephanie.adler-paindiris@jacksonlewis.com<br><br>        Amanda A. Simpson<br>        Florida Bar No. 0072817<br>        Amanda.simpson@jacksonlewis.com<br><br>Attorneys for Defendant |

4849-3365-7685, v. 4